```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

United States of America

    v.                                  Case No. 2:14-cr-223-1

Henry C. Tippett, Jr.

## OPINION, ORDER AND AMENDED JUDGMENT

Defendant was convicted on one count of conspiracy to distribute and to possess with the intent to distribute oxycodone in violation of 21 U.S.C. §846. By judgment entered on December 11, 2015, defendant was sentenced to a term of incarceration of ninety-six months, to be followed by a three-year term of supervised release.

On August 10, 2020, defendant filed a motion for compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A). Defendant stated that although his projected release date is June 3, 2021, the Bureau of Prisons ("BOP") has approved him for release to a residential reentry center on November 10, 2020. Defendant alleged in his motion that he has health conditions, including chronic COPD, high blood pressure, diabetes, sleep apnea, and asthma, that place him at an increased risk of harm from COVID-19.

Under §3582(c)(1)(A), as modified by the First Step Act of 2018, the court may reduce a sentence of imprisonment upon motion of the Director of the BOP, or upon motion of a defendant after that defendant has fully exhausted all administrative rights to appeal a failure of the BOP to file such a motion on a defendant's behalf. Counsel for defendant has filed a notice indicating that the government agrees that defendant is eligible to petition the court for compassionate release, and that the motion should be granted.

Under §3582(c)(1)(A), the court can reduce a sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. §3582(c)(1)(A)(i). Before granting a reduction based on extraordinary and compelling reasons, the court must also find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. §3582(c)(1)(A). The court is also required to consider the factors set forth in 18 U.S.C. §3553(a) to the extent that they are applicable. §3582(c)(1)(A). If the court decides that the motion is well taken, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment)[.]" §3582(c)(1)(A). The grant of compassionate release is at the discretion of the court. United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020).

Several of defendant's alleged health conditions have been recognized by the Centers for Disease Control as creating an elevated risk of becoming seriously ill from COVID-19. Although the defendant would not ordinarily meet the criteria for a reduction in sentence under United States Sentencing Guidelines §1B1.13, Application Note 1, considering the unique circumstances of the COVID-19 pandemic, the defendant's health conditions would substantially diminish his ability to provide self-care within the environment of a correctional facility if he contracts COVID-19. While incarcerated, defendant has obtained his GED and has completed the RDAP program and several other courses. The court finds that extraordinary and compelling reasons warrant a sentence reduction in this case and that defendant does not present a danger

to the safety of any other person or to the community.

The statutory sentencing factors also weigh in favor of a sentence reduction in defendant's case. Although this was a serious offense, the defendant was in a criminal history category I. His projected release date is June 3, 2021, and he is scheduled to be released to a reentry facility in November, 2020. He has successfully completed several programs, including the RDAP program, while incarcerated. The parties propose that the remainder of the term of incarceration be converted to a term of supervised release with a condition of home confinement. This reduced sentence would still reflect the seriousness of the offense, afford adequate deterrence, and protect the public.

Defendant's motion for compassionate release (Doc. 379) is granted. The term of incarceration of ninety-six months previously imposed in that case is hereby reduced to a term of time served. This order is stayed for fourteen days from the date of this order to facilitate the BOP's ability to quarantine defendant to protect the community from the potential spread of COVID-19.

The court further orders that defendant shall serve a term of supervised release which will commence upon his release from incarceration and expire on June 3, 2021. While on this term of supervised release, defendant shall comply with the standard conditions of supervision in this district, and with the following special conditions of supervision:

> 1) The defendant shall participate in a program of testing and treatment for alcohol and controlled substance abuse, as directed by the U.S. Probation Office, until such time as the defendant is released from the program by the probation office. The defendant will make a co-payment for the treatment services not to exceed $25 per month, which is determined by the

    defendant's ability to pay.

    2) The defendant shall participate in a program of mental health assessment and/or counseling, as directed by the U.S. Probation office, until such time as the defendant is released from the program by the probation office. The defendant will make a co-payment for treatment services not to exceed $25 per month, which is determined by the defendant's ability to pay.

    3) Defendant shall be placed on home confinement. While on home confinement, the defendant will be restricted to his residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the officer.

After the completion of this new term of supervised release, defendant shall then begin to serve the three-year term of supervised release previously imposed in this case.

    Defendant is instructed that he must report to the probation office in the federal judicial district where he is authorized to reside within 72 hours of his release from imprisonment, unless the probation officer instructs him to report to a different probation office or within a different time frame. Defendant should call the Probation Office at (614)-719-3100 to receive instructions on how to report.

Date: September 16, 2020       s/James L. Graham
                                      James L. Graham
                                      United States District Judge